EL PUEBLO, DEMANDANTE Y APELADO, *v.* BUXÓ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 358 del Código Penal.

No. 1743.—Resuelto en diciembre 13, 1921.

ALTERACIÓN DE LA PAZ PÚBLICA—INTENCIÓN.—En el presente caso celebrábase de noche un mitin político y el apelante y otra persona, montados a caballo,

portando antorchas y ostentando insignias políticas de matiz contrario al de las personas congregadas, cruzaron por entre el grupo que formaban éstas y al intentar cruzar por segunda vez se produjo la perturbación de la asamblea, delito castigado por el artículo 358 del Código Penal. *Se resolvió:* que bajo tales circunstancias debe decidirse que el acusado intentó las consecuencias naturales y probables de su acto el cual, realizado por aquél en la forma en que lo hizo, fué lo que produjo la alteración de la paz, aún cuando la demostración inicial hubiera partido de uno de los congregados.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. B. Buitrago.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En un sitio de costumbre en las calles de San Lorenzo y de noche, poco antes de la fecha de las elecciones, había una reunión de personas para escuchar a los oradores unionistas, habiéndose anunciado con anticipación el mitin.

Mientras se celebraba este mitin el apelante y otra persona llegaron montados a caballo, llevando uno o ambos antorchas, habiendo insistido en cruzar por dentro de la muchedumbre. Uno de ellos llevaba una insignia socialista y el otro, o sea el apelante, la insignia del Partido Republicano.

Los jinetes se abrieron paso sin mucha o ninguna perturbación de la muchedumbre, pero al poco rato regresaron habiendo producido su regreso una conmoción y excitación en la muchedumbre.

Intervino la policía evitándose una perturbación mayor.

Insiste el apelante, entre otras cosas, en que la verdadera perturbación partió de uno de los congregados al adelantarse este último con una tranca para atacar o amenazar al apelante.

Sostiene además el apelante que la prueba del Gobierno era tan incongruente y llena de contradicciones que hace ineficaz la sentencia. Admite, sin embargo, que después de cruzar por la muchedumbre volvieron los jinetes por segunda vez siendo entonces que se produjo la alteración.

Bajo estas circunstancias debe resolverse que el apelante intentó las consecuencias naturales y probables de su acto.

Equipado como estaba y acompañado como iba, debió haber sabido que su presencia produciría una excitación. Tal vez, según alegó, él tenía derecho a cruzar por la muchedumbre a caballo, si hubiera cruzado corriendo sin hacer nada o llevar ninguna cosa cuyo resultado probable fuera excitar a la muchedumbre. Sin embargo, al volver por segunda vez, preparado para cruzar de nuevo, mostró la intención no meramente de cruzar las calles sino de perturbar a la gente. allí congregada.

*Harrison* v. *Duke of Rutland,* 12 English Ruling Case Law, página 587, fué un caso en que un hombre caminaba de arriba a abajo por la carretera habiendo impedido así al dueño del terreno en ambos lados de la misma de poder usar su terreno para recreo. La corte resolvió que si bien una persona tenía derecho de andar por la carretera, al hacerlo así para perturbar el derecho de otra era culpable por la comisión de un acto ilegal (*trespass*).

Ni puede tampoco el apelante excusarse diciendo que la primera demostración hostil partió de uno de la muchedumbre hecha contra él.

Fué el acto realizado por él o la forma en que lo hizo lo que produjo la perturbación. Un razonamiento algo semejante puede encontrarse en el caso de *People* v. *Burman,* 25 L. R. A. (N. S.) 256.

Aunque el caso no está exento de dudas la corte tuvo ante sí lo suficiente para estar justificada al declarar que el mitin había sido perturbado y que fué la intención del apelante hacerlo así.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.